**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS MARTIN, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| RICHARD J. BOUDREAU & ASSOCIATES, LLC, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Nicholas Martin brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Richard J. Boudreau & Associates, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331 and 1337.

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant does or transacts business within this District.

1

## PARTIES

5. Plaintiff Nicholas Martin is an individual who resides in this district.

6. Defendant Richard J. Boudreau & Associates, LLC, is a limited liability company with offices at 5 Industrial Way, Salem, NH 03079. It does business in Illinois.

7. Richard J. Boudreau & Associates, LLC, is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Richard J. Boudreau & Associates, LLC, is a debt collector under the FDCPA.

## FACTS

9. Defendant has been attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

10. Defendant left the following message on plaintiff's voicemail on August 7, 2009 at 3:15pm:

> **This message is for Nicholas Martin. This is Sterling with attorney Richard Boudreau's office. Telephone number here is 866-890-1644. My direct extension is 411.**

11. The number 866-890-1644 is issued to defendant.

12. The calls did not state that the calls were for debt collection purposes.

13. On information and belief, defendant has a standard policy and practice of leaving recorded or scripted telephone messages that do not state that the call is for collection purposes.

## CLASS ALLEGATIONS

14. This claim is brought on behalf of a class, consisting of (a) all persons (b) with telephone numbers in the 630 area code (c) for whom defendant left voicemail or answering machine messages (d) that did not state that the call was for collection purposes (e) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of

this action.

15. The class is so numerous that joinder of all members is impracticable.

16. There are more than 50 persons with telephone numbers in the 630 area code for whom defendant left voicemail or answering machine messages that did not state that the call was for collection purposes during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

17. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether defendant's calls violate the FDCPA.

18. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

19. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of debt collection abuse claims and class actions.

20. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

## VIOLATION ALLEGED

21. Defendant's telephone messages violated 15 U.S.C. §1692e(11).

22. Each telephone message was a "communication" within the meaning of 15 U.S.C. §1692e. *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

23. The telephone messages violate 15 U.S.C. §1692e(11) because the messages do not contain the warning required by 15 U.S.C. §1692e(11).

24. Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
 & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **VERIFICATION**

I, Nicholas Martin, state under penalty of perjury, as provided for by 28 U.S.C. 1746, that the facts stated in this complaint are true to the best of my knowledge and recollection.

Nicholas Martin

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                            s/ Daniel A. Edelman
                                            Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\23484\Pleading\Complaint_Pleading.wpd